UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**LAQUAN LEMELLE DAVIS, #2019353,**

      **Petitioner,**

v.                                                                                                   **Case No.: 2:23cv562**

**COMMONWEALTH OF VIRGINIA,**

      **Respondent.**

**<u>REPORT AND RECOMMENDATION FOR DISMISSAL</u>**

Before the Court is a Petition for a Writ of Habeas Corpus filed by *pro se* Petitioner Laquan Lemelle Davis ("the Petition"). ECF No. 1. The matter was referred to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges.

The Petition was filed on Form AO 242 for a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. ECF No. 1. In the Petition, Petitioner states he is serving a sentence resulting from convictions in the Newport News Circuit Court, for which he was sentenced on March 17, 2023. *Id.* The Petition alleges that the Newport News Circuit Court sentenced him incorrectly, and he was "overcharged." *Id.* at 2. Petitioner also requested leave to proceed in forma pauperis. ECF Nos. 1–2. Given that Petitioner's allegations appears to arise out of state convictions, on February 9, 2024, the Court issued an Order directing Petitioner to file an amended petition on

Form AO 241 for a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254. ECF No. 14. The Court additionally requested Petitioner's inmate account statement from the institution where he was incarcerated to evaluate his request for leave to proceed in forma pauperis. ECF No. 15. The Court received Petitioner's inmate account statement on February 16, 2024, but did not receive an amended petition. On March 7, 2024, Petitioner filed a "Motion to Voluntarily Dismiss." ECF No. 17. Therein, Petitioner states:

> I just realized that my attorney has an appeal in for me about my case that I'm trying to put in for this habeas corpus but I would like to know if you could withdraw my habeas corpus because of my appeal that I just found out about that is in process with my attorney.

*Id.* (spelling and punctuation corrected).

Accordingly, the Court recommends dismissal of the Petition for two reasons. First, the Court recommends dismissal of the Petition based on Petitioner's request to "withdraw [his] habeas corpus." *Id.* Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Petitioner is permitted to dismiss his action without a court order as no opposing party has served either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). Here, the Respondent has not yet filed an answer or motion for summary judgment. Accordingly, the Court finds that it is appropriate to dismiss the Petition based on Petitioner's request to voluntarily dismiss.

Second, the Court recommends dismissal of the Petition based on Petitioner's representation that he has pending appeal with the Court of Appeals of Virginia.[1] To proceed with a federal habeas petition pursuant to 28 U.S.C. § 2254, a state prisoner must exhaust available state remedies or demonstrate the absence or ineffectiveness of such remedies in order to give "state

---

[1] Upon a record check with the Court of Appeals of Virginia Appellate Case Management System, Petitioner's direct appeal is still pending as of the date of this Report and Recommendation.

2

courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing[.]" *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (citing *Matthews v. Evatt*, 105 F.3d 907, 910–11 (4th Cir. 1997), *cert. denied*, 522 U.S. 833 (1997) and 28 U.S.C. § 2254(b)). To satisfy the exhaustion requirement, two conditions must be met: (1) the prisoner must seek review of his claim in the highest state court with jurisdiction to consider it through direct appeal or post-conviction proceedings, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); and (2) the "essential legal theories and factual allegations advanced in the federal court [must be] the same as those advanced at least once in the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991) (citations omitted), *aff'd*, 996 F.2d 1560 (4th Cir. 1993).

In the instant case, Petitioner's direct appeal is still pending with the Court of Appeals of Virginia, and to properly exhaust his claims, he must appeal his convictions to the Supreme Court of Virginia, and/or present his claims to the Supreme Court of Virginia in a federal habeas petition.[2] Accordingly, Petitioner has not satisfied the exhaustion prerequisite to pursuing federal habeas relief, and this Court must decline to reach the merits of the Petition until the state courts have been afforded a full opportunity to consider Petitioner's claims. *See Strader v. Allsbrook*, 656 F.2d 67 (4th Cir. 1981) (declining to reach the merits of the state habeas petitioner's claims before affording the state courts full opportunity to consider the petitioner's contentions).

In light of Petitioner's request to dismiss his Petition, as well as his representation that he has not yet exhausted his claims, the undersigned **RECOMMENDS** that the Petition, ECF No. 1,

---

[2] After the conclusion of his state appeals and/or filing of a state habeas petition, Petitioner will have a one-year statute of limitations to file a federal habeas petition that begins to run after the time to seek direct review of the highest state court's decision by the Supreme Court of the United States has expired. 28 U.S.C. § 2244(d)(1)(A). The federal one-year statute of limitations is tolled during the pendency of a "properly filed" state habeas petition. *See* 28 U.S.C. § 2244(d)(2).

be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

## REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Petitioner may file with the Clerk written objections to the above findings and recommendations within fourteen (14) days from the date this Report and Recommendation is forwarded to the objecting party. *See* 28 U.S.C. § 636(b)(1)(C), computed pursuant to Federal Rule of Civil Procedure 6(a).

2. A United States District Judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The Petitioner is further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1954).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
August 14, 2024